The order of the county court of Monroe county is reversed, and the taxation of costs by the county clerk of Monroe county is affirmed, with costs. All concur.

(19 App. Div. 46.)

PEOPLE ex rel. BURLINGAME v. HAYWARD et al.

(Supreme Court, Appellate Division, Fourth Department. June 12, 1897.)

SCHOOL DISTRICTS—PUBLIC DEPARTMENT—VETERANS.

A school under the control of a school district is not a public department of the state, county, city, or village where situated, within Laws 1884, c. 312, as amended by Laws 1896, c. 821, providing for preferential employment of veterans in every public department of the state, counties, cities, and villages.

Appeal from special term.

Mandamus by the people on the relation of Holmes W. Burlingame against Emma Q. Hayward and others. From judgment for defendants, relator appeals. Affirmed.

The following is the opinion of Mr. Justice LAMBERT, at special term:

A writ of mandamus was issued herein upon the affidavit of the relator by the authority of chapter 312 of the Laws of 1884, as finally amended by chapter 821 of the Laws of 1896, requiring the members of the respondent to convene as a board, and to give to the relator, a veteran of the late war, a preferential employment as janitor of the respondents' school building, and make return to the writ within twenty days. The school district is within the corporate limits of the village of Warsaw. The respondent entered a demurrer upon the ground that the facts stated in the affidavit did not furnish warrant for the legal relief sought. By the statute referred to, the legislature intended to create a privileged class entitled to preferential employment in public service in every public department of the state, counties, cities, and villages, and upon all public works of the state, counties, cities, and villages. The question here is whether the Union free school is, within the meaning of the statute, a public department of the state or village. I do not think it is. The respondent is a school district organized, existing, and supported by taxation levied upon the taxable inhabitants of the district, which may or may not be co-extensive with the corporate limits of the village; and, when organized by force of the statute, becomes a district having a distinct classification in the civil divisions of the state. The care of the school building is committed, by the consolidated school act, to the board of education, and the board is in no way subject to the direction or control of the village or state authorities in the execution of such duties, and, in my judgment, under no legal requirement to prefer the relator as janitor. A privilege of this character must have its foundation in express provision of the statute. The demurrer should be sustained.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

E. W. Holt, for appellant.

George W. Botsford, for respondent.

PER CURIAM. Judgment affirmed, without costs, on the opinion of LAMBERT, J., delivered at special term.